UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY SCOTT CLARK,

        Petitioner,

v.                                            Case No.  4:21-cv-11938
                                              Honorable F. Kay Behm

NOAH NAGY,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S RENEWED
MOTION TO STAY THE HABEAS CASE (ECF No. 14)**

This matter is before the Court on Petitioner Jay Scott Clark's renewed motion to stay the habeas proceedings and to hold his petition in abeyance so that he can return to the state courts to exhaust new constitutional claims that are not included in his current petition.  On March 25, 2024, this Court denied his first motion to stay on the basis that he failed to show a stay was warranted under *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  On May 6, 2024, he filed a second motion to stay.  ECF No. 14.  In his motion, Petitioner avers that he recently filed a motion for relief from judgment in the state trial court raising new claims concerning jury instructions, the trial court's abuse of discretion, and evidentiary error.  He wishes to stay the habeas proceedings to exhaust those claims.  For the

reasons discussed below, the Court will grant Petitioner's renewed motion for a stay of his habeas corpus petition and administratively close the case.

## I. BACKGROUND

On January 12, 2018, a Hillsdale County jury convicted Petitioner of first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), and carrying or possessing a firearm during the commission of a felony (felony-firearm), Mich. Comp. Laws § 750.227b(1). The trial court sentenced Petitioner to life in prison without the possibility of parole for his first-degree murder conviction and two years in prison for his felony-firearm conviction.

Petitioner filed a direct appeal in the Michigan Court of Appeals raising claims concerning the trial court's denial of the motion to suppress, the admission of his recorded statements, ineffective assistance of trial counsel, the assertion of a witness's fifth amendment rights, hearsay evidence, prosecutorial misconduct, and sufficiency of the evidence. On November 19, 2019, the Michigan Court of Appeals denied Petitioner's appeal in a published opinion. *People v. Clark*, 330 Mich. App. 392 (2019). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which the court denied on September 29, 2020. *People v. Clark*, 506 Mich. 917 (2020).

Petitioner then filed the present habeas petition seeking relief under 28 U.S.C. § 2254, raising the following claims:

> I. The evidence of first-degree murder is insufficient and therefore Clark was denied due process of law.
>
> II. Defendant's right to confront a witness against him was implicated by permitting a witness to assert her Fifth Amendment right against self-incrimination in the presence of the jury.
>
> III. The State did not carry its burden of establishing that defendant validly waived his *Miranda* rights.
>
> IV. Clark was denied a fair trial and his right to confrontation when hearsay was admitted over objection and the evidence was not admissible pursuant to the "opening of the door" doctrine.
>
> V. The prosecutor committed misconduct and denied Clark a fair trial by vouching for his witness's credibility and denigrating the defense.

ECF No. 1. Respondent filed an answer and the Rule 5 materials. Petitioner now asks the Court to stay the case and hold the petition in abeyance while he exhausts four new claims in the state courts.

## II.   DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a State prisoner who seeks federal habeas relief is first required to exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)−(c); *see Picard v. Connor*, 404 U. S. 270, 275–78 (1971). A habeas petitioner has the burden of proving that he exhausted State court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

3

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *see also Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk*, 299 F.3d at 83); *see also Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Although a district court has the option to dismiss a fully exhausted habeas petition where a habeas petitioner's unexhausted claims are pending in state court, for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *see also Bowling*, 246 F. App'x at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court will grant Petitioner's motion to stay and will hold the petition in abeyance so that he can exhaust his new claims. An outright dismissal of the

petition, albeit without prejudice, might bar consideration of Petitioner's claims if the one-year statute of limitations contained in the AEDPA were to expire. *See* 28 U.S.C. § 2244(d)(1). A common rationale for holding a habeas petition in abeyance occurs when the original petition was timely filed, as was the case here, but a second, fully exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations favor holding the petition in abeyance. For instance, Petitioner recently filed a motion for relief from judgment in the state court. Thus, "the court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Moreover, "if this court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id*.

Further, the court is unable at this juncture to determine whether Petitioner's new claims have merit, and the court cannot say that the claims are "plainly meritless." *Thomas*, 89 F. Supp. 3d at 943. Nor, on the other hand, is the court

5

able at this time to say that Petitioner's new claims warrant granting a writ of habeas corpus. *Id*. If state courts deny post-conviction relief, this court could still benefit from the state courts' rulings on Petitioner's claims in determining whether to permit him to amend the original petition to add the new claims. *Id*. In addition, Respondent will not be substantially prejudiced by a stay, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas*, 89 F. Supp. 3d at 943. Finally, because Petitioner asserts that he previously failed to raise his new claims in the state courts due to the ineffective assistance of counsel, Petitioner has shown good cause for failing to raise these claims sooner. *See e.g., Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014). For these reasons, the Court concludes that a stay is warranted.

When a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner has already filed a motion for relief from

judgment in the state court. If unsuccessful, Petitioner must ask this Court to lift the stay within 60 days of exhausting his state court remedies, which includes appealing a denial of his post-conviction motion to the Michigan Court of Appeals and to the Michigan Supreme Court. If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed. *Palmer*, 276 F.3d at 781.

     Finally, while the case is pending resolution in state court, the Court will administratively close the case because the Court anticipates the case will lie dormant for many months while Petitioner pursues his claims at each level of Michigan's criminal justice system. "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (cleaned up). Importantly, "the closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." *Id.* (cleaned up). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.* Petitioner may move to reopen the case after exhausting all claims in state court.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's request to hold his habeas petition in abeyance while he pursues possible state-court remedies is **GRANTED**. This stay is conditioned on Petitioner's return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. If Petitioner fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Petitioner's claims. *See Sitto v. Bock,* 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**SO ORDERED**.

/s/F. Kay Behm_____
F. KAY BEHM
Dated:  May 31, 2024                      United States District Judge